UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            **Plaintiff,**<br><br>            v.<br><br>GRADY HANKS,<br><br>            **Defendant.** | 1:12-cr-00133 LJO SKO<br><br>**ORDER RE DEFENDANT'S REQUEST FOR CLARIFICATION (Doc. 56)** |

On July 26, 2016, Defendant Grady Hanks filed a pro se request to have the Court "correct" his presentence report ("PSR"). Doc. 54. Defendant pointed out that the PSR's discussion of his prior convictions does not reference the state statutory provisions under which he was convicted previously. *Id*. Defendant requested that his PSR be corrected to include information about the statutory provisions associated with each of his convictions. *See id*.

The Court responded on August 11, 2016 by explaining in an Order that "PSRs do not routinely contain this information, and the Court is unaware of any requirement that they do so. Defendant, however, may contact his trial counsel to request a copy of his criminal record (his rap sheet), which will provide the information he seeks." Doc. 55.

1

Defendant now requests "clarification" of the Court's August 11, 2016 Order. Doc. 56. Specifically, Defendant asks "[w]ithout his prior conviction information (the State Statutory Provisions) [] being provided within his PSR Report …. [w]hat information did the Court exactly use or rely upon in order to determine Defendant's 'prior conviction' qualified him as a 'career offender?'" *Id*. at 2-3.

On May 20, 2013, Defendant pled guilty to being a felon in possession of a firearm and to possession with the intent to distribute cocaine base, Docs. 18 & 19, charges stemming from his arrest in 2012 and federal Indictment, filed May 3, 2013 in this District. *See* Doc. 1. In formulating Defendant's sentence , the Court relied upon the PSR, which was prepared by a United States Probation Officer based upon Defendant's criminal record printout (often referenced as a "RAP Sheet") and other information (including state court records) as specifically described in the PSR. Prior to sentencing, Defendant and Defense Counsel had an opportunity to review the PSR and object to any inaccurate information contained therein. No objections were filed with the Court.

According to Section 4B1.1 of the 2013 United States Sentencing Commission Guidelines Manual, in effect at the time of Defendants' sentence, a defendant is a "Career Offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The term "controlled substance offense" means"

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense

*Id*. at § 4B1.2. Among other things, the PSR reveals that, at the time of sentencing in the above-captioned matter, Defendant had at least two prior felony controlled substance convictions, including: (1) a 1996 felony conviction (when Defendant was 20 years old) for possession of cocaine base for sale,

2

Fresno County Superior Court, Case No. 583902-2; and (2) a 2003 felony conviction (when Defendant was 27 years old) for possession for sale of a controlled substance (cocaine), Fresno County Superior Court, Case No. F03908088-8. Classification of Defendant as a career offender was therefore warranted and no party objected to that classification at the time of sentencing.

The Court notes that it has provided the above explanation to Defendant as a courtesy. Unless and until a proper motion is filed, the Court will disregard further filings.

IT IS SO ORDERED.

Dated: **September 26, 2016**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE