UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:12-cr-00133 LJO SKO |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE "MOTION TO CORRECT ERROR" CONSTRUED AS SECOND/SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255 |
| v. | |
| GRADY HANKS,, | (Doc. No. 58) |
| Defendant. | |

On May 20, 2013, movant Grady Hanks pled guilty to being a convicted felon in possession of a firearm and possession with the intent to distribute cocaine base (Doc. Nos. 18 & 19), charges stemming from his arrest in 2012 and federal Indictment, filed May 3, 2013 in this U.S. District Court.  (*See* Doc. No. 1.)  On May 15, 2014, he was sentenced to a term of imprisonment of 188 months.  (Doc. No. 37.)

On April 16, 2015, movant filed a pro se motion pursuant to 28 U.S.C. § 2255, challenging his sentence based on allegations of ineffective assistance of counsel and requesting an evidentiary hearing.  (Doc. No. 48.)  Specifically, movant contended that he received ineffective assistance of counsel because his attorney failed to file a motion to suppress and provided faulty advice that induced his guilty plea and waiver of trial rights, rendering his plea constitutionally invalid.  (*See id*.)  That motion was denied on February 10, 2016.  (Doc. No. 53.)

Petitioner has now filed a "Motion to Correct Error" (Motion) that focuses on the Supreme Court's 2018 decision in *Rosales-Mireles v. United States*, ––– U.S. ––––, 138 S. Ct. 1897, 1907 (2018), a case that concerned procedural issues related to direct appeals raising plain errors at sentencing. In what appears to be an attempt to re-open the statute of limitations for movant to collaterally attack his sentence, movant contends that the decision in *Rosales-Mireles* was "made retroactive." (Doc. 58 at 1); *see also* 28 U.S.C. § 2255(f)(3). Later in his motion, petitioner contends that the sentencing court erred by relying on the characterization of his three prior drug convictions noted in his presentence report to conclude that he qualified for a career offender sentencing enhancement under the U.S. Sentencing Guidelines. (Doc. No. 58 at 4–7.) Movant requests that the court "correct his sentence." (*Id*. at 7.) Despite the label movant has given his motion, the court construes it as an attempt to file another motion pursuant to § 2255.

This court may not act on the merits of any such claim at this time in light of movant's prior § 2255 motion filed with this court. Pursuant to 28 U.S.C. § 2244(b):

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

(Emphasis added). Failure to obtain authorization from the appropriate Court of Appeals is a jurisdictional defect, and the district court presented with an unauthorized successive petition or

motion brought under § 2255 must dismiss it for lack of jurisdiction.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Accordingly, before this court can consider a second or successive § 2255 motion, movant must receive certification from the appropriate Court of Appeals.  *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Felker v. Turpin,* 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes,* 358 F.3d 1095, 1097 (9th Cir. 2004) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]").  Movant has not shown that he has obtained leave from the Court of Appeals to file a second motion collaterally challenging his conviction and sentence.  Therefore, his motion must be dismissed without prejudice.

ORDER

For the reasons set forth above, movant's "Motion to Correct Error," construed as an attempt to file a second and successive motion pursuant to 28 U.S.C. § 2255, is DISMISSED WITHOUT PREJUDICE for failure to obtain permission to file from the Court of Appeals.

IT IS SO ORDERED.

Dated:   **June 2, 2020**              _____
                                        UNITED STATES DISTRICT JUDGE