UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

             Plaintiff,

    v.

GRADY HANKS,

           Defendant.

No. 1:12-cr-00133 WBS

ORDER

----oo0oo----

       Defendant has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  (Docket No. 67.)[1]

       The court recognizes that defendant is African American and that there is some evidence that African Americans are more at risk of severe complications due to COVID-19.  However, defendant is only 44 and does not claim that he has any pre-existing medical conditions that put him more at risk than anyone

---

[1]   The government agrees that defendant has exhausted his administrative remedies.

1

else in the general prison population.  Moreover, the defendant has made no showing that he would receive any better care outside of the Bureau of Prisons or that he would be better able to get a COVID-19 vaccination outside of federal custody than he would be in custody.

Overall, defendant has not shown that his race and/or ethnicity, along with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  To the contrary, compared to many others, it appears that defendant is in relatively good health for a man his age.  Accord United States v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A)).

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 67), be, and the same hereby is, DENIED.

Dated:  February 1, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2